**Patrick O'Neal HENDERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–90–00763–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 27, 1991.

---

Patricia Saum, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Kimberly Aperauch–Stelter, Julian Ramierez, Asst. Harris Co. Dist. Attys., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

Appellant, Patrick O'Neal Henderson, pled "not guilty" and was tried before the court for the felony offense of delivery of a controlled substance. The court found appellant guilty, found the enhancement allegation true, and assessed punishment at 15 years confinement. We affirm.

### 1. Right to jury

In his first point of error, appellant asserts his conviction is void because he did not waive his right to a jury trial in writing as required by TEX.CODE CRIM.P.ANN. art. 1.13 (Vernon 1977).

This point of error is identical to that presented in appellant's companion case, cause number 01–90–00677–CR. We decided the point adversely to appellant in that appeal and need not address it here.[1]

The first point of error is overruled.

### 2. Objection to hearsay testimony

In his second point of error, appellant asserts the trial court erred in overruling his objection to the hearsay testimony of the supervising chemist when the testing chemist was unavailable.

Larry D. Hobbs, a chief toxicologist for the Harris County Medical Examiner's Office, performed the testing on the controlled substance in question. Hobbs did not testify at trial. Charles N. Moore, a forensic chemist for that agency, testified from the reports prepared by Hobbs. Moore testified he is the custodian of records and it is his job to edit the reports, and to determine if the criteria for identification are met before the medical examiner's office issues its final report identifying a particular substance. Over appellant's objection, the trial court allowed Moore to testify from Hobbs' report that the substance was identified as cocaine.

Appellant argues an absent chemist's reports are "matters observed by the law enforcement personnel" and are inadmissible hearsay. Rule 803(8)(B) of the Texas Rules of Criminal Evidence provides that "a matter observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, matters observed by police officers and other law enforcement personnel.*" (Emphasis added.) Appellant claims that, because Moore works for the county medical examiner's office, reports issued by that agency are matters observed by law enforcement personnel, therefore, Moore's testimony was hearsay, and inadmissible under TEX.R.CRIM.EVID. 803(8)(B).

---

**1.** Appellant was tried in one trial for the offenses of robbery in cause number 552,651, escape in cause number 552,652, and delivery of a controlled substance in cause number 552,697.

The trial court found appellant guilty of robbery and delivery of a controlled substance and not guilty of the offense of escape.

Appellant's authority is *Cole v. State,* 1990 WL 176357 (Tex.Crim.App., Nov. 14, 1990) (not yet reported). The issue in *Cole* was whether the trial court erred in admitting hearsay evidence concerning the results of a chemical test performed by an absent department of public safety chemist pursuant to rule 803(6) of the Texas Rules of Criminal Evidence. *Cole,* slip op. at 7. Cole contended the admission of the testimony was prohibited by the portion of rule 803 that prohibits as hearsay "matters observed by police officers and other law enforcement personnel." TEX.R.CRIM.EVID. 803(8)(B).

The Court of Criminal Appeals found the chemists of the Texas Department of Public Safety are "law enforcement personnel" within the meaning of rule 803(8)(B). The court reversed Cole's conviction, holding: "the absent chemist's report in this case were matters observed by law enforcement personnel and were therefore inadmissible as an exception to the hearsay rule via TRCE [sic] 803(8)(B). We further hold that TRCE 803(6) should not have served as an alternative route for admissibility of these particular records otherwise barred by TRCE 803(8)." *Cole,* slip op. at 18–19.

Prior to *Cole,* appellate courts have consistently permitted custodians of records to testify from records as an exception to the hearsay prohibition via TEX.R.CRIM.EVID. 803(6). *Mitchell v. State,* 750 S.W.2d 378, 379 (Tex.App.—Fort Worth 1988, pet. ref'd) (custodian of records permitted to sponsor record of blood alcohol test); *Armijo v. State,* 751 S.W.2d 950, 952–953 (Tex.App.—Amarillo 1988, no pet.) (custodian of records permitted to sponsor record indicating exhibit is LSD).

■ The decision in *Cole* is pending on motion for rehearing, and is not final. "An opinion which is not yet final is not part of the jurisprudence of this State." *Yeager v. State,* 727 S.W.2d 280, 281 (Tex.Crim.App. 1987). We need not decide whether the decision in *Cole* has precedential value to determine whether a chemist employed by the Harris County Medical Examiner is considered to be "law enforcement personnel" pursuant to rule 803(8)(B). The testi-

mony concerning the reports was admissible under TEX.R.CRIM.EVID. 703.

At trial, the prosecutor made several attempts to have Moore testify about the identity of the controlled substance in question. After the State established Moore was the custodian of records, the court allowed Moore to testify the substance was indeed .02 grams of cocaine. Even if a forensic chemist at the medical examiner's office were considered "law enforcement personnel," *Cole* merely holds that "the Department of Public Safety's chemist *reports* are barred from admissibility." Slip op. at 12. (emphasis added) Likewise, *United States v. Oates,* 560 F.2d 45 (2nd Cir.1977), on which *Cole* is based, held that the chemist's *documents* were inadmissible under FED.R.EVID. 803(8)(B). *Id.,* p. 84. However, in the instant case, these documents were not admitted.

■ Moore, the forensic chemist who testified, was qualified as an expert on chemical analysis of controlled substances. Using the documents in question, he testified about the types of tests and the results of that testing.

TEX.R.CRIM.EVID. 703 states that:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, *the facts or data need not be admissible in evidence.*

(Emphasis added.)

Moore, an expert chemist, was qualified to rely on the data from the report to form his opinion concerning whether the substance tested was cocaine, *regardless of the admissibility of the report itself.* The issue was clearly pointed out by the Second Circuit in *Reardon v. Manson,* 806 F.2d 39 (2nd Cir.1986), a subsequent opinion that discussed the language of *Oates.* In discussing why *Oates* did not bar the testimony of the lab supervisor regarding the test results of a controlled substance analyzed

in the lab where he worked, the Court noted that:

> *Oates* did not, as here, concern the admission of an expert's *opinion, but dealt instead with a chemist's report and worksheet which the prosecution attempted to authenticate through a witness who had no connection with either the documents or the person who prepared them.*

*Reardon,* 806 F.2d at 42 (emphasis added).

In summary, the State in the instant case did not introduce the chemist's report itself, but only *relied* on the expert testimony of Moore and his opinion and his opinion based on the test results from his own lab and by his own coworker. This is the type of data on which experts can and do reasonably rely, and the Texas Rules of Criminal Evidence clearly anticipate and allow such expert testimony, *regardless of the admissibility of the underlying report itself. See* TEX.R.CRIM.EVID. 703.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.