Laura Ann **DAVENPORT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–00648–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 27, 1993.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Timothy G. Taft, Houston, for appellee.

Before WILSON, SAM BASS and DUNN, JJ.

## OPINION

WILSON, Justice.

The trial court found appellant guilty of the offense of possession of a controlled substance, found an enhancement paragraph to be true, and assessed punishment at 22 years confinement. This appeal follows, alleging three points of error. We reverse and remand.

The record reflects that on March 17, 1992, Officer Stephen Michael Kwiatkowski, a member of the Northeast Tactical Team of the City of Houston Police Department, arrived at a motel in response to numerous complaints of narcotics activity taking place at that location. Kwiatkowski saw appellant standing outside one of the motel rooms. As he stepped out of his car, Kwiatkowski saw appellant throw down a crack cocaine pipe and a push wire. Kwiatkowski retrieved the pipe and arrested appellant.

At appellant's bench trial Carolyn Gamble, a supervisor in the police lab, testified from chemist Sharmista Patel's report and examination sheet that the resin removed from the crack pipe tested positive for cocaine, and that the amount was determined to be approximately 40 milligrams of pure cocaine. All the tests and reports at appellant's trial were prepared by Patel. This testimony and the examination sheet were admitted over repeated hearsay and confrontation objections by appellant. The examination sheet was admitted as a "business record" under TEX.R.CRIM.EVID. 803(6). Patel was on vacation in India at the time of appellant's trial. Gamble did not participate in the preparation of the report or examination sheet.

In her first point of error, appellant contends the trial court erred in admitting the testimony of Gamble as to the actions of Patel, which Gamble did not observe personally and about which she could only testify based on documents prepared by Patel. In her second and third points of error, appellant contends that the admission of the lab report and examination sheet prepared by Patel, when Patel did not testify, was error.

In *Cole v. State*, 839 S.W.2d 798 (Tex.Crim.App.1990), the Court of Criminal Appeals held that the report of an absent Department of Public Safety chemist was a matter observed by law enforcement personnel, and therefore was not admissible under the public records and reports exception to the hearsay rule. 839 S.W.2d at 807; *see* TEX.R.CRIM.EVID. 803(8)(B). The court also held that such reports were not admissible as business records under TEX. R.CRIM.EVID. 803(6). *Id.*

In the present case, Patel's examination and Gamble's testimony based on Patel's reports were admitted as business records. Under *Cole*, the examination sheet and reports were not admissible as a business record. Furthermore, because Patel's reports were not admissible as business records, we find that Gamble's testimony from those reports was likewise inadmissible as a business record. *Turner v. State*, 734 S.W.2d 186, 188 (Tex.App.—Dallas 1987, pet. ref'd).

The State now contends that Gamble's testimony was proper under the authority of *Henderson v. State*, 822 S.W.2d 171 (Tex.App.—Houston [1st Dist.] 1991, no pet.). In *Henderson*, this Court held that the opinion of a supervising chemist based upon the reports of an unavailable chemist was admissible under TEX.R.CRIM.EVID. 703, even though the reports underlying that opinion may not have been admissible.[1] 822 S.W.2d at 173. Rule 703 provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied

---

1. This Court explicitly acknowledged in *Henderson* that *Cole* was not a final opinion at the time of our decision. It is now clear in light of *Cole* that such reports are not admissible in the absence of the preparing chemist under TEX. R.CRIM.EVID. 803. *Cole*, 839 S.W.2d at 807–808.

upon by experts in the particular field in forming opinions or inferences upon the subject, *the facts or data need not be admissible in evidence.*

(Emphasis added.) [2]

In the present case, it appears that Gamble was qualified as an expert, based upon her testimony regarding her education and experience. However, unlike the case in *Henderson,* Gamble was never asked nor offered her own expert opinion as to whether the substance tested by Patel was cocaine. Rather, Gamble merely testified that Patel's examination sheet reflected that the substance tested positive for cocaine. Therefore, we reject the State's argument that Gamble's testimony was admissible as the underlying facts and data supporting Gamble's expert opinion.

For the same reasons, we reject the State's contention that the examination sheet was admissible as providing the underlying facts and data supporting Gamble's opinion. Points of error one and three are sustained.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for a new trial. TEX.R.APP.P. 81(b)(2).

---

**2.** Rule 703 permits an expert to give an opinion, in accordance with TEX.R.CRIM.EVID. 702, based upon evidence which is not admissible in court. Whether an expert may also present testimony regarding the underlying facts and data supporting his opinion is governed by TEX.R.CRIM.EVID. 705. Rule 705 provides, in part:

    **(a) Disclosure of facts or data.** The expert may testify in terms of opinion or inference and give his reasons therefore without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data, subject to paragraphs (b) through (d).