Opinion issued December 3, 2009




 

 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00860-CR

____________


KENDRON LATEEF MILES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 300th District Court

Brazoria County, Texas

Trial Court Cause No. 56,367 






MEMORANDUM OPINION


 A jury convicted appellant, Kendron Lateef Miles, of possession of a controlled
substance and assessed punishment at 20 years' confinement and a $10,000 fine. We
consider whether (1) there was sufficient probable cause to justify the issuance of a
search warrant, and (2) inadmissible hearsay was admitted at trial. We affirm.

BACKGROUND


 Appellant was the lessee of a storage unit at Space Place in Angleton, Texas,
which was managed by Louise Neill. Entry and exit of the fenced-in storage area was
recorded. Neill noted that many different vehicles would come to the gate and park. 
Appellant would exit, enter the fenced-in area, and after a short time return to the
vehicle. On January 17, 2008, Neill and a friend, J.C. Macik, saw an unfamiliar pick-up and a person milling around at the front gate. They then witnessed appellant
return from the storage grounds to a car and exit. Neill and Macik followed appellant
to an Angleton trailer park, where they saw him making a hand-to-hand transfer with
the man whom they had seen in the pick-up truck at the storage unit. At this point
Macik and Neill called 9-1-1 and gave a statement to Angleton Police Officer I. Patin.

 The next day Patin conducted surveillance on unit 129 at Space Place and saw
appellant access unit 129 for about 5 minutes. Afterward, appellant walked back to
the exit gate, got into a gold Cadillac, and drove away. Patin followed appellant to
a gas station, where appellant spoke to a man who got into the back of the car. 
Appellant then drove out of the station and was stopped by a man crossing the street. 
Patin saw a hand-to-hand transfer between appellant and the man in the street. Patin
then had Sergeant McCullough, who was in a marked unit, stop the Cadillac that
appellant was driving. Patin returned to the storage unit to await a search warrant.

 Prior to obtaining the warrant, the officers called to get a canine sniff of the
storage unit. Canine office Eric Huffman brought his dog to do an air search along
the front of some units at Space Place. The dog alerted in front of the door of unit
129.

 At about 5:30 p.m. officers, having obtained a search warrant, cut the lock off
the door of unit 129. Inside they found a shoe box containing a birth certificate,
Texas certificate of title, social security card, and dry cleaning receipt, all bearing
appellant's name. Directly below that shoe box was another box containing
$13,215.34 in cash, a glass beaker, a digital scale, a measuring cup, and a Ziplock bag
containing multiple round, cookie-type substances suspected to be cocaine. 

 The suspected cocaine field-tested positive and weighed 280.6 grams. The
cocaine was transported to the Brazoria County Crime Laboratory. None of the items
seized produced usable fingerprints. At trial, the cocaine was marked as State's
Exhibit 15 (hereinafter SX-15). The Brazoria County Crime Laboratory chemists
determined that the substance in SX-15 was cocaine and weighed 275.7 grams.PROBABLE CAUSE

 In is first point of error, appellant alleges that the trial court erred in failing to
grant his motion to suppress because the affidavit supporting the search warrant was
insufficient to establish probable cause. Appellant objected at trial that "the affidavit
attached to the search warrant fails to establish probable cause, in that it fails to
establish the veracity or reliability of the dog used . . . to obtain the search warrant." 
Appellant argues that there was no evidence that the dog and handler were certified
for drug sniffing and further contends that no other evidence in the affidavit would
establish probable cause for the issuance of a warrant.

Standard of Review

 The standard of review of an issuing magistrate's probable cause determination
is deferential, and as long as the magistrate had a substantial basis for concluding that
the search would uncover evidence of wrongdoing, the Fourth Amendment requires
nothing more. See Illinois v. Gates, 426 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983);
Swearingen v. State, 143 S.W.3d 808, 810 (Tex. Crim. App. 2004). It is the duty of
the reviewing court to ensure that the magistrate had a substantial basis for
concluding that contraband or evidence of a crime would be found in a particular
place. See Gates, 103 S. Ct. at 2332; Lowery v. State, 98 S.W.3d 398, 400 (Tex.
App.--Amarillo 2003, no pet.).

Analysis

 Appellant argues that apart from the dog sniff, there was no probable cause in
the affidavit for search and seizure sufficient to prompt the magistrate to issue a
warrant. In Cassias v. State, there was "no objective data to show it was reasonable
to believe that ['brick type packages'] contained marijuana." 719 S.W.2d 585, 590
(Tex. Cr. App. 1986). In that case, the affidavit alleged that the defendants had been
previously arrested for drug possession and possession of stolen property, that
surveillance had indicated cars being backed all the way up the driveway and 'brick
type packages' and a plastic tub being carried into the yard, and that several narcotics
viewers had been observed visiting the premises. However, in that case the warrant
did not contain sufficient facts to justify the conclusion that drugs were probably on
the premises to be searched at the time that the warrant was issued. Id.

 In contrast, the affidavit for search and seizure here alleged that the affiant
officer knew that appellant had trafficked narcotics on previous occasions, that
several people in vehicles came to the storage unit to meet with appellant for short
periods of time; and that, while under surveillance, appellant had passed packages to
two other men. Most critically, the affidavit related that Officer Huffman conducted
a drug sniff with his narcotics-sniffing canine, and the dog alerted directly in front of
Unit 129, which was leased to appellant.

 This case is distinguishable from Cassias because in that case, the probable
cause affidavit did not include a positive alert on the premises by a narcotics dog. 
Instead, the present case bears considerable similarity to Davis v. State, 202 S.W.3d
149 (Tex. Crim. App. 2006), in which a peace officer asserted in his affidavit in
support of a search warrant that he smelled a chemical odor associated with the
manufacture of methamphetamine. Id. at 151. This affidavit contained no facts
specifying the officer's training, experience, or previous encounters with the odor
associated with the manufacture of methamphetamine. Id.

 In Davis, the court asked, "Is it reasonable for a magistrate to infer previous
experience with the odor of methamphetamine manufacture when an officer states
only 'that he could smell a strong chemical odor he has associated with the
manufacture of methamphetamine,' without also delineating his previous experience
or credentials?" Id. at 155-56. Because the affidavit recited that the "officer. . . [was]
on patrol in Nacona,"the court reasoned that "it does not distort common sense or
read additional facts into the affidavit to infer that the officer was a local police
officer." Id. at 156. This statement lent credibility to the officer's statement because
it is much more probable that a peace officer would have experience with the odor of
the manufacture of methamphetamine than would an ordinary citizen. Id. In the
present case, the officer's affidavit established that the affiant officer "made contact
with Angleton Independent School District Police Officer Eric Huffman and
requested a canine sniff." It was not unreasonable for the magistrate to conclude that
a "narcotic detecting canine" was trained to detect and had experience with the smell
of narcotics. "The law requires that we defer to a magistrate's reasonable, common
sense conclusions in assessing whether to issue a search warrant." Id. at 158.

 However, we note that, as in Davis, the affidavit for search and seizure did not
follow best practice, which requires that "the affiant expressly to include an officer's
experience, background information, and previous associations with contraband so
that little is left to inference, and the magistrate has specifically articulated facts to
evaluate." Id. at 157. According the affidavit our deferential standard of review, we
recognize that the magistrate had a substantial basis for concluding that the search
would uncover evidence of wrongdoing. The Fourth Amendment requires no more. 

 Appellant urges that we follow Winston v State, 78 S.W.3d 522 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd). However, we do not find the case
applicable because it involves the issue of whether a dog sniff as it related to a "scent
lineup" was sufficiently reliable to be admitted as expert testimony under Rule 702
of the Texas Rules of Evidence. Id., at 525. The present case involves whether a dog
sniff gives rise to probable cause for a search warrant, not whether it can be admitted
as expert testimony.

 Because the trial court did not err in denying appellant's motion to suppress,
we overrule appellant's first point of error.

HEARSAY

 In his second point of error, appellant alleges that the trial court abused its
discretion by admitting the laboratory report from the Brazoria County Sheriff's
Office Crime Laboratory over his hearsay objection. When the State first attempted
to introduce the bag of suspected cocaine as SX-15, appellant's chain-of-custody
objections were sustained. The alleged chain-of-custody deficiency regarding SX-15
was later remedied, after which SX-15 was admitted into evidence in its entirety. A
laboratory chemist, Paul Van Dorn, testified that SX-15 was, in his opinion, cocaine
and described the tests that had been carried out to ascertain this fact. The State then
introduced the Brazoria County Crime Laboratory report as State's Exhibit 16
(hereinafter SX-16), a report about the testing of the cocaine by laboratory director
Michael Manes. This report was authored by Van Dorn and Manes. Appellant's 
hearsay objection to this exhibit was overruled. 

 Appellant alleges that the admission of SX-16, the crime lab report about the
cocaine, was error that affected a substantial right. The State argues that if there was
error, the issue was not preserved by the objection, which it characterizes as
insufficiently specific, and furthermore than no harm accrued because equivalent
evidence was properly introduced in the form of SX-15 and Van Dorn's oral
testimony.

Standard of Review

 A trial court's ruling on the admissibility of evidence is reviewed under an
abuse-of-discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.
Crim. App. 2000). Harm for an erroneous evidentiary ruling in this situation is
analyzed as nonconstitutional error under Rule 44.2(b) of the Texas Rules of
Appellate Procedure. Cruz v. State, 122 S.W.3d 309, 314 (Tex. App.--Houston [1st
Dist.] 2003, no pet.).


Analysis

 Appellant contends that the trial court abused its discretion in admitting SX-16,
the lab report from Brazoria County Crime Laboratory. Appellant bases his
complaint on Rule of Evidence 803, which provides, in relevant part:

 Rule 803. Hearsay Exceptions: Availability of Declarant Immaterial

 The following are not excluded by the hearsay rule, even though the
declarant is available as a witness:

 

 (6) Records of Regularly Conducted Activity. A memorandum, report,
record, or data compilation, in any form, of acts, events, conditions,
opinions, or diagnoses, made at or near the time by, or from information
transmitted by, a person with knowledge, if kept in the course of a
regularly conducted business activity, and if it was the regular practice
of that business activity to make the memorandum, report, record, or
data compilation, all as shown by the testimony of the custodian or other
qualified witness, or by affidavit that complies with Rule 902(10),
unless the source of information or the method or circumstances of
preparation indicate lack of trustworthiness. "Business" as used in this
paragraph includes any and every kind of regular organized activity
whether conducted for profit or not.

 . . . .

 (8) Public Records and Reports. Records, reports, statements, or data
compilations, in any form, of public offices or agencies setting forth:

 . . . .

 (B) matters observed pursuant to duty imposed by law as to which
matters there was a duty to report, excluding in criminal cases
matters observed by police officers and other law enforcement
personnel[.]


 Rule 803(8), the public records exception to the hearsay rule, excludes from the
scope of the hearsay exception matters observed by police officers and other law
enforcement personnel. Chemists of the Texas Department of Public Safety have
been held to be "law enforcement personnel" within the meaning of Rule 803(8)(B). 
See Cole v. State, 839 S.W.2d 798, 803 (Tex. Crim. App. 1990); Henderson v. State,
822 S.W.2d 171, 173 (Tex. App.--Houston [1st Dist.] 1991, no pet.). Nor can a
report excluded under rule 803(8) be admitted under the business records exception
of Rule 803(6). Cole at 806, 811; Henderson at 173. 

 Nonetheless, any error in the admission of SX-16 was harmless. When there
is an error in admitting inadmissible hearsay, we must determine whether it "'moved
the jury from a state of non-persuasion to one of persuasion on a particular issue.'"
Davis v. State, 203 S.W.3d at 853 (quoting Wesbrook v. State, 29 S.W.3d 103, 119
(Tex. Crim. App. 2000)). In this case, the evidentiary value within SX-16 was
cumulative because of the testimony regarding SX-15. This includes Van Dorn's
testimony about his qualifications as an expert witness and his opinion that SX-15
was cocaine, as well as SX-15 itself, which was admitted at trial. Van Dorn's
testimony that in his opinion, SX-15 was cocaine was entered without objection and
was not raised as a point of error in this appeal. 

 Because the same evidence found in SX-16--that the substance recovered was
cocaine--was also admitted through Van Dorn's testimony without objection, error,
if any, in admitting SX-16 was not harmful. See Leday v. State, 983 S.W.2d 715, 718
(Tex. Crim. App. 1998).

 Accordingly, we overrule appellant second point of error.

CONCLUSION


 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. Tex. R. App. P. 47.2(b).