**Opinion filed July 16, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00172-CR

_____

## LARRY TORRES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-33,146**

## M E M O R A N D U M   O P I N I O N

Larry Torres appeals his jury conviction for aggravated robbery. TEX. PENAL CODE ANN. § 29.03 (West 2011). The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty years. In four issues on appeal, Appellant argues that the trial court erred when it denied his motion to set aside the indictment for a violation of his right to a speedy trial, when the trial court allowed a chemist to testify about

the chemical makeup of a substance without the actual substance being admitted, when the trial court failed to suppress evidence found as a result of a purportedly illegal search of his vehicle, and when the trial court failed to find that the basis for the stop was invalid. We affirm.

*Background Facts*

Appellant was found guilty of aggravated robbery that was alleged to have occurred on May 16, 2005. Appellant was indicted on May 8, 2006. Appellant did not go to trial until April 30, 2013. The day before trial, Appellant filed a motion to set aside the indictment for violation of his right to a speedy trial. The trial court conducted a hearing and denied Appellant's motion.

The jury found Appellant guilty, and he elected for the trial court to assess punishment. During the punishment phase of trial, evidence was admitted about an extraneous offense that occurred on August 1, 2012. Appellant was stopped for failure to come to a complete stop at the designated point. Appellant stopped approximately five feet past a stop sign. Officers asked Appellant to step out of the vehicle, and they found a substance in a clear plastic bag in Appellant's hand. After searching his vehicle, officers found several more clear plastic bags filled with white powder.

The State questioned Marissa Silva, a chemist with the Texas Department of Public Safety Laboratory in Midland, during the punishment phase. Silva testified that she analyzed the substance found during the traffic stop on August 1, 2012. Silva concluded that it was 1.07 grams of cocaine. Appellant did not object to this testimony. The actual cocaine was not admitted into evidence.

*Analysis*

In his first issue, Appellant asserts that his right to a speedy trial was violated when the trial court denied his motion to set aside the indictment. The Sixth Amendment of the United States Constitution, made applicable to the states through

2

the Fourteenth Amendment, provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI; *see also Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). Courts determine a speedy trial claim on an "ad hoc basis" by analyzing and weighing four factors: (1) the length of the delay, (2) the State's reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Gonzales*, 435 S.W.3d at 808. The State has the burden to justify the length of the delay, while the defendant has the burden to prove he asserted his right and is prejudiced. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). The defendant's burden on the latter two factors "varies inversely" with the State's degree of culpability for the delay. *Id.* (quoting *Robinson v. Whitley*, 2 F.3d 562, 570 (5th Cir. 1993)) (internal quotation marks omitted). When conducting the balancing test, no single factor is determinative, and the conduct of both the prosecutor and the defendant must be weighed. *Barker*, 407 U.S. at 530, 533; *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999).

To trigger a speedy trial analysis, the defendant must make an initial showing that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Gonzales*, 435 S.W.3d at 808 (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)) (internal quotation marks omitted). If the defendant makes a threshold showing of presumptive prejudice, the court must consider and weigh each of the remaining *Barker* factors. *Id.* (citing *Munoz*, 991 S.W.2d at 821–22).

If the right to a speedy trial has been violated, the remedy is dismissal of the charging instrument with prejudice. *Cantu*, 253 S.W.3d at 281. Because this is an extreme remedy, "courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows

that a defendant's actual and asserted interest in a speedy trial has been infringed." *Id.* "The constitutional right is that of a speedy trial, not dismissal of the charges." *Id.*

When reviewing the trial court's ruling on a speedy trial claim, we apply a bifurcated standard of review. *See Gonzales*, 435 S.W.3d at 808. Because the State prevailed in the trial court, we presume the trial judge resolved any disputed fact issues in the State's favor, and we defer to the implied findings of fact that the record supports. *Cantu*, 253 S.W.3d at 282 (citing *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002)). We review legal questions de novo to determine whether there was sufficient presumptive prejudice to proceed to a *Barker* analysis and the weighing of the *Barker* factors. *Gonzales*, 435 S.W.3d at 809. We must uphold the trial court's ruling if it is supported by the record and is correct under the applicable law. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003).

The alleged incident occurred in 2005, and Appellant was indicted in 2006. Appellant waived arraignment in March 2012. He filed a motion for continuance on June 14, 2012. Appellant did not go to trial until April 2013. Thus, almost seven years passed between when Appellant was indicted and when Appellant went to trial. This multiple-year delay was presumptively prejudicial and weighs against the State. *See Cantu*, 253 S.W.3d at 281 (citing *Doggett*, 505 U.S. at 652 n.1). Accordingly, we must proceed with an analysis of the remaining *Barker* factors.

The next factor considers the reasons for the delay. *Barker* assigns different weights to different reasons to justify the delay. *Barker*, 407 U.S. at 531. "A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government." *Id.* However, a more neutral reason should be weighed less heavily, but is still considered against the State, since the ultimate responsibility for a speedy trial rests with the State. *Id.* "Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay." *Id.* The State

4

argues that the delay was due to Appellant's incarceration. Appellant has not asserted that the State deliberately delayed trial. Thus, the more neutral reason should be considered. This factor weighs against the State, although less heavily. *Id.*

Regarding the third *Barker* factor, the defendant bears the responsibility to assert his right to a speedy trial. *Cantu*, 253 S.W.3d at 282. Whether and how a defendant chooses to assert his right "is closely related to the other three factors because the strength of his efforts will be shaped by them." *Id.* at 282–83. A defendant's failure to timely seek a speedy trial does not amount to a waiver of the right. *Shaw*, 117 S.W.3d at 890 (citing *Barker*, 407 U.S. at 532). However, a defendant's failure to timely demand a speedy trial makes it difficult for the defendant to prevail on a speedy trial claim because the failure to timely demand a speedy trial indicates strongly that he did not really want a speedy trial and was not prejudiced by not having one. *Id.*; *see also Barker,* 407 U.S. at 536 ("[B]arring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates . . . that the defendant did not want a speedy trial."); *Harris v. State*, 827 S.W.2d 949, 957 (Tex. Crim. App. 1992) ("[A]ppellant's lack of a timely demand for a speedy trial indicates strongly that he did not really want a speedy trial."). The longer the delay becomes, the more heavily a defendant's inaction weighs against him. *Shaw*, 117 S.W.3d at 890. A request that the trial court dismiss the charges for a speedy trial violation, rather than a request for a prompt trial setting, weakens the strength of a speedy trial claim because it indicates a desire to avoid trial rather than to obtain a speedy trial. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. [Panel Op.] 1983); *Orosco v. State*, 827 S.W.2d 575, 577 (Tex. App.—Fort Worth 1992, pet. ref'd).

Appellant first asserted his speedy trial right when he moved to set aside the indictment almost seven years after he had been indicted. Appellant asserted this

right one day before trial was to begin. This factor weighs heavily against finding a speedy trial violation because Appellant's actions demonstrated only the desire to avoid a trial and obtain a dismissal rather than to obtain a speedy trial. *See Barringer v. State*, 399 S.W.3d 593, 601–02 (Tex. App.—Eastland 2013, no pet.).

The last *Barker* factor to consider is prejudice to the defendant. "Because 'pretrial delay is often both inevitable and wholly justifiable,'" this factor "examines whether and to what extent the delay has prejudiced the defendant." *Cantu*, 253 S.W.3d at 285 (quoting *Doggett*, 505 U.S. at 656). The prejudice must be assessed in light of the interests that the speedy trial right is meant to protect: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Id.*; *see also Barker*, 407 U.S. at 532. Of these three interests, the possibility the defense will be impaired by dimming memories and the loss of exculpatory evidence is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532; *see also Doggett*, 505 U.S. at 654; *Gonzales*, 435 S.W.3d at 812.

Appellant was incarcerated for another offense for the majority of the delay. There was no evidence of oppressive pretrial incarceration for this offense. Although Appellant testified at the hearing, there is no evidence that Appellant suffered from anxiety or concern because of the delay. Finally, Appellant's counsel expressed concerns about memories fading. However, there was no showing of any actual prejudice in the form of lost exculpatory evidence. *Shaw*, 117 S.W.3d at 890–91. Appellant did not present any witnesses at trial. Additionally, his trial counsel was able to cross-examine the State's primary witness about her memory from eight years ago. Accordingly, this factor weighs against finding a violation of Appellant's right to a speedy trial.

Weighing in favor of finding a violation of Appellant's right to a speedy trial are the length of delay and the neutral reason for the delay by the State. However, the factors weighing against Appellant are the facts that Appellant failed to assert his right until the day before trial was to begin and that he failed to demonstrate any prejudice. We hold that the weight of the four factors, balanced together, is against finding a violation of Appellant's right to a speedy trial. *Barker*, 407 U.S. at 534; *Shaw*, 117 S.W.3d at 891. Thus, the trial court did not abuse its discretion when it denied Appellant's motion to set aside the indictment on speedy trial grounds. We overrule Appellant's first issue.

In his second issue, Appellant challenges the admission of Silva's testimony during the punishment phase about her analysis of the substance found in Appellant's possession at the time of his arrest. Appellant argues that, since the cocaine was not admitted as evidence, Silva could not testify that what she tested was cocaine. The State questioned Silva about her credentials as a chemist for the Texas Department of Public Safety Laboratory in Midland. Silva testified that she analyzed the substance and concluded that it was 1.07 grams of cocaine. Appellant did not object to this testimony. The actual cocaine was not admitted into evidence.

Appellant has waived any objection to the admission of Silva's testimony by not objecting at trial. TEX. R. APP. P. 33.1. However, even if Appellant had objected at trial, it would not have been error for the trial court to admit Silva's testimony. We review a trial court's decision to admit evidence under an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). A chemist's opinion is admissible even if the facts or data relied upon are not admitted into evidence. TEX. R. EVID. 703; *Henderson v. State*, 822 S.W.2d 171, 173 (Tex. App.—Houston [1st Dist.] 1991, no pet.). The trial court did not abuse its discretion when it admitted the testimony of Silva concerning the cocaine. We overrule Appellant's second issue.

In his third issue, Appellant contends that the trial court erred when it failed to suppress any evidence found inside the vehicle he was driving after the police stopped him at an intersection. Appellant alleges that the search of his vehicle was illegal as a search incident to an arrest. *See Arizona v. Gant*, 556 U.S. 332, 339 (2009). The State argues that the search was reasonable under the automobile exception to the Fourth Amendment. *See Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). In this regard, "*Gant* did not diminish the reach of the automobile exception." *Barnes v. State*, 424 S.W.3d 218, 225 (Tex. App.—Amarillo 2014, no pet.) (citing *Gant*, 556 U.S. at 346–47).

Appellant did not object at trial to the search that he complains about on appeal. Thus, Appellant has waived this issue. TEX. R. APP. P. 33.1. However, we further conclude that the trial court would not have abused its discretion if it had overruled an objection to the contraband discovered inside his vehicle during the search. Under the automobile exception, officers "may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Police may conduct a warrantless search of a vehicle if they have probable cause to believe that the vehicle contains contraband. *Id.* Probable cause exists when there is a "fair probability" of finding inculpatory evidence at the location being searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). We consider the totality of the circumstances to determine probable cause. *Id.*; *Wiede*, 214 S.W.3d at 25.

Appellant was stopped for a traffic violation by Deputy Javier Leyva. As he approached Appellant's vehicle, Deputy Leyva observed Appellant attempting to tuck something under either his seat or his leg. Deputy Leyva testified that this conduct was consistent with an attempt to conceal something. When Appellant stepped out of the vehicle, Deputy Leyva and his partner observed Appellant holding something in his hand. Deputy Leyva stated that it was "a clear plastic bag

containing a white powder substance" that the officers believed to be a controlled substance. Deputy Leyva then "went around to the driver's side and conducted a search and then located some more clear plastic bags with a white powder substance." The deputy's observation of Appellant's attempt to conceal something inside his vehicle as the officers approached it, coupled with Appellant's possession of what appeared to be a controlled substance in his hand, provided the officers with probable cause to search Appellant's vehicle under the automobile exception. Thus, the trial court would not have abused its discretion in overruling a suppression objection to the evidence seized from Appellant's vehicle. We overrule Appellant's third issue.

In his fourth issue, Appellant challenges the officers' basis for initiating the stop of his vehicle for a traffic violation. Appellant preserved this issue by objecting on this basis to Deputy Leyva's testimony about the traffic stop. Deputy Leyva testified that he and his partner stopped Appellant for a traffic violation when Appellant drove past a stop sign and stopped five feet into an intersection. Deputy Leyva stated that there was a "white line" that was "directly parallel" with the stop sign and that Appellant drove past the white line before stopping. The Transportation Code requires a driver to stop at a clearly marked stop line. TEX. TRANSP. CODE ANN. § 544.010(c) (West 2011). An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (In general, the decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred.). Here, officers observed Appellant commit a traffic violation when he crossed the white line that was parallel with the stop sign. Accordingly, the trial court did not abuse its discretion when it overruled Appellant's objection based on the legality of the traffic stop. We overrule Appellant's fourth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

July 16, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.