Darrell Jay KEEHN, Appellant,

v.

The STATE of Texas, State.

No. 2–06–047–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 29, 2007.

Discretionary Review Granted
May 7, 2008.

Barry L. Macha, Crim. Dist. Atty., Jeffrey L. Eaves, Rich Mahler, Asst. Crim. Dist. Atty's, Wichita Falls, for Appellant.

Anthony C. Odiorne, Wichita Falls, for Appellee.

PANEL B: LIVINGSTON, WALKER, and McCOY, JJ.

## OPINION ON REMAND

SUE WALKER, Justice.

Appellant Darrell Jay Keehn perfected an appeal challenging the trial court's ruling on his motion to suppress. He raised one issue challenging the trial court's denial of his motion to suppress, and we overruled it and affirmed the trial court's judgment. *See Keehn v. State,* 223 S.W.3d 53 (Tex.App.-Fort Worth), *vacated and remanded,* 233 S.W.3d 348 (Tex.Crim.App. 2007). The court of criminal appeals granted Keehn's petition for review, vacated our judgment, and remanded the case to us to "address every issue raised and necessary to final disposition of the appeal." *See Keehn,* 233 S.W.3d at 349 (quoting Tex.R.App. P. 47.1). But our original opinion did address every issue raised; Keehn raised only one issue.[1] Apparently the court of criminal appeals was dissatisfied that we did not expressly address one of the contentions asserted by Keehn within the argument portion of his brief in our court, that being—according to the court of criminal appeals—"whether the officers had a lawful right to enter the van based on plain view alone."[2]

In our original opinion, we set forth the findings and conclusions made by the trial court following the suppression hearing, including:

---

1. Our original opinion expressly disposed of Keehn's primary arguments and we do not address those again here.

2. This language does not appear in Keehn's brief. The closest Keehn's brief in our court comes to raising this argument is "C. Did the officer have a lawful right of access to the object itself?"

6. The peace officers had probable cause to believe that a crime was being committed and therefore had the right to seize the propane tank from the van.

*Keehn,* 223 S.W.3d at 56. Likewise, after eleven pages of analysis, our opinion concluded,

Viewing the evidence in the light most favorable to the trial court's ruling, we hold that law enforcement officers had probable cause to believe that the propane tank—located inside the van that was parked in the driveway in front of Keehn's home—was associated with criminal activity. *See Kelly,* 204 S.W.3d at 818. It was thus immediately apparent that the propane tank constituted evidence of a crime. *See Walter,* 28 S.W.3d at 541. Because Deputy Deford and Officer Spragins had a lawful right to be on Keehn's driveway when they observed the tank, and because it was immediately apparent that the propane tank constituted evidence of a crime, the State met its burden of proving the reasonableness of the search *and seizure* by establishing the applicability of the plain view doctrine—a "specifically defined and well-established" exception to the warrant requirement. *See McGee,* 105 S.W.3d at 615. Accordingly, we overrule Keehn's sole point.

*Keehn,* 223 S.W.3d at 59 (emphasis added). Thus, by having held that the officers had a lawful right to be on Keehn's driveway where they observed the tank, and by having held that it was immediately apparent to the officers that the propane tank constituted evidence of a crime, and by having held that the State established the "plain-view exception" to the warrant requirement, we believe that we did—at least implicitly—address whether the officers had a lawful right to *seize* the propane tank, that is, enter the van based on plain view alone, the purportedly unad-

dressed argument under Keehn's sole issue which the court of criminal appeals remanded to us for disposition. *See Keehn,* 233 S.W.3d at 349 (setting forth purportedly unaddressed argument); *Martinez v. State,* 17 S.W.3d 677, 685 (Tex. Crim.App.2000) (disposing of issue of alleged illegal seizure of gun belt on seat of automobile by applying plain view doctrine); *see also* 3 Wayne R. LaFave, Search and Seizure § 7.5(a) (4th ed.2004) (recognizing and discussing case law holding that seizure of an item in plain view inside an automobile parked on private property is authorized when police are lawfully present on the property at the precise point where the observation is made and when the police have probable cause to believe the item in plain view constitutes evidence of a crime). We now hereby make that disposition explicit.

To the extent that Keehn's sole issue contains a sub-argument that the plain view doctrine did not authorize the officers to open the unlocked door of the van to seize the propane tank, when, for the reasons set forth in our prior opinion they had a lawful right to be on Keehn's driveway where they observed the tank, and which, for the reasons set forth in our prior opinion, they had probable cause to believe constituted evidence of a crime, we expressly reject that argument. *See Martinez,* 17 S.W.3d at 685 (holding, "We agree with the State that the gun belt was properly obtained [from the appellant's vehicle] under the plain view seizure doctrine"); *Ramos v. State,* 934 S.W.2d 358, 365 (Tex.Crim.App.1996) (recognizing items not encompassed within search warrant were nonetheless validly seized pursuant to "plain view seizure" doctrine), *cert. denied,* 520 U.S. 1198, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997); *State v. Haley,* 811 S.W.2d 597, 599 (Tex.Crim.App.1991) (holding, "It has been very well settled that items in "plain view" may be seized by

law enforcement personnel" if the requirements of the plain view doctrine are met); *Ramirez v. State,* 105 S.W.3d 730, 745 (Tex.App.-Austin 2003, no pet.) (upholding seizure of drug paraphernalia from appellant's garage under "plain-view-seizure doctrine").[3] *See also* LaFave, *supra,* at § 7.5(a).

We affirm the trial court's judgment.

---

**3.** And, alternatively, police also possessed authority to open the unlocked van door and to seize the propane tank pursuant to the automobile exception to the warrant requirement. *See Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 2013, 144 L.Ed.2d 442 (1999) (explaining that "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the whole vehicle without more" and rejecting the proposition that exigent circumstances are necessary to trigger the "automobile exception" to the warrant requirement); *Amos v. State,* 819 S.W.2d 156, 161 (Tex.Crim.App.1991) (holding that "[o]nce probable cause to believe that the car contained evidence of a crime was established, the officers could conduct a valid search of the car immediately, without a warrant"), *cert. denied,* 504 U.S. 917, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992).