**Reversed and Remanded and Majority and Concurring Opinions on Remand filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00208-CR

---

**JONATHAN ALBERT LEAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 12CR0947**

---

## MAJORITY OPINION ON REMAND

Appellant Jonathan Albert Leal appealed the trial court's denial of his motion to suppress and motion for new trial. In our original opinion reversing the trial court's judgment, we held that the warrantless blood draw violated Leal's Fourth Amendment rights. *Leal v. State*, 452 S.W.3d 14, 32 (Tex. App.—Houston [14th Dist.] 2014), *vacated and remanded*, 456 S.W.3d 567 (Tex. Crim. App. 2015). On its own motion, the Court of Criminal Appeals granted review of our

decision, vacated our judgment, and remanded the case to us to address only "whether appellant preserved his claim that the warrantless blood draw violated his Fourth Amendment rights." *Leal*, 456 S.W.3d at 568. Although we implicitly held in our original opinion that Leal preserved his claim, we now explicitly conclude and explain that he did so.

As a preliminary matter, because our original opinion disposed of the merits of Leal's primary arguments, we do not address them again here. *See Keehn v. State*, 245 S.W.3d 614, 614 n.1 (Tex. App.—Fort Worth 2007), *aff'd*, 279 S.W.3d 330 (Tex. Crim. App. 2009); *see, e.g.*, *Weatherford v. State*, 840 S.W.2d 727, 728–29 (Tex. App.—Eastland 1992, pet. ref'd) (considering on remand only the issues explicitly raised by Court of Criminal Appeals). We therefore incorporate our original opinion by reference.

In order for a complaint to be presented on appeal, a timely request, objection, or motion must have been made to the trial court stating the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint, and the trial court must have expressly or implicitly ruled on the request, objection, or motion. Tex. R. App. P. 33.1(a)(1)(A). The complaining party must have clearly conveyed to the trial court the particular complaint raised on appeal, including the precise and proper application of law as well as the underlying rationale. *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). Error preservation does not involve a hyper-technical or formalistic use of words or phrases; rather, straightforward communication in plain English is sufficient. *Id.* at 464. The party must let the trial judge know (1) what he wants; (2) why he thinks he is entitled to it; and (3) do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it. *Id.* We consider the context in which the complaint was made and the parties' shared understanding at

2

that time. *Id.* A defendant who presents an argument to the trial judge in time for the judge to rule on it has preserved the issue for appellate review. *See Clarke v. State*, 270 S.W.3d 573, 580 (Tex. Crim. App. 2008). "A trial court's ruling on a matter need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling." *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995).

Leal's claim was preserved when the trial court implicitly overruled his amended motion to suppress. Leal timely filed an amended motion to suppress objecting to the warrantless blood draw on Fourth Amendment grounds. *See Porath v. State*, 148 S.W.3d 402, 409 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (motion to suppress is a specialized objection to the admission of evidence). Specifically, citing *Missouri v. McNeely*, — U.S. —, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013), which had not yet been decided, Leal claimed that the repeat-offender provision of the implied-consent statute violated the Fourth Amendment. The record shows that the trial court was aware of Leal's objection; however, the trial court did not explicitly rule on the amended motion at the suppression hearing. Leal renewed his objection at trial when the State offered a report containing an analysis of Leal's blood.[1] The trial court then admitted the report and allowed the analyst to testify regarding Leal's blood alcohol content. Based on the trial court's action in allowing the State to present evidence of Leal's blood alcohol content to the jury, the court implicitly overruled Leal's amended motion to suppress, and Leal preserved his claim that the warrantless blood draw violated his Fourth

---

[1] When the State offered the report, Leal's counsel stated, "Subject to all prior objections, no specific objection at this time." Leal's "prior objections" included his amended motion to suppress. *See Porath*, 148 S.W.3d at 409; *cf. Bhola v. State*, No. 14-09-00154-CR, 2010 WL 2501116, at *4 (Tex. App.—Houston [14th Dist.] June 22, 2010, no pet.) (mem. op.; not designated for publication) (concluding defendant did not abandon his motion to suppress when he stated at trial, "Subject to the previous objections, no objections.")

3

Amendment rights. *See Rey*, 897 S.W.2d at 336–37; *see, e.g., Cantu v. State*, 994 S.W.2d 721, 730–31 (Tex. App.—Austin 1999, pet. dism'd) (error was preserved when trial court did not expressly rule on defendant's objection to expert witness's qualifications, but permitted expert to answer the question if he knew); *Riddle v. State*, No. 02-02-00231-CR, 2003 WL 21983252, at *3 (Tex. App.—Fort Worth Aug. 21, 2003, pet. ref'd) (mem. op.; not designated for publication) (error was preserved when trial court did not expressly rule on portion of defendant's motion to suppress dealing with inventory search, but allowed officer to testify before the jury about the inventory search).

Furthermore, Leal presented his claim to the trial court in his supplemental motion for new trial. Leal was sentenced on February 14, 2013. He timely filed a motion for new trial on March 8, 2013. *See* Tex. R. App. P. 21.4(a). The original motion did not challenge the legality of the warrantless blood draw. The Supreme Court decided *McNeely* on April 17, 2013. On April 22, 2013, Leal filed a supplemental motion for new trial citing *McNeely* and claiming that the warrantless blood draw violated his Fourth Amendment rights. Under rule 21.4(b), the supplemental motion was not timely filed. *See* Tex. R. App. P. 21.4(b). On April 26, 2013, at the new-trial hearing, Leal asked for and was given leave to supplement his original motion for new trial. The State did not object. *See State v. Moore*, 225 S.W.3d 556, 569 (Tex. Crim. App. 2007) (trial court retains authority to allow untimely amendment to original motion for new trial within seventy-five-day period, so long as the State does not object). At the hearing, Leal's counsel argued, based on the Supreme Court's holding in *McNeely*, that the warrantless blood draw violated Leal's Fourth Amendment rights. The State presented counter-arguments on the merits of Leal's claim, demonstrating the parties' shared understanding that Leal's constitutional rights were at stake. *See Pena*, 285 S.W.3d

4

at 464. The trial court denied Leal's motion for new trial in an order dated May 21, 2013.

In sum, Leal timely presented his complaint to the trial court in both his amended motion to suppress and his supplemental motion for new trial. *See Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (complaint is timely if made as soon as ground of objection becomes apparent). Leal's complaint was adequately specific to put the trial court on notice of his Fourth Amendment challenge to the warrantless blood draw. *See, e.g.*, *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (although motion for new trial did not mention "vague" or "vagueness," defendant's complaint was adequately specific when he claimed on several occasions during trial that the statute was "unconstitutionally vague"). The trial court ruled on Leal's complaint when it admitted, over objection, evidence obtained as a result of the warrantless blood draw and denied Leal's supplemental motion for new trial. *See* Tex. R. App. P. 33.1; *Rey*, 897 S.W.2d at 336. We therefore conclude that Leal preserved his claim that the warrantless blood draw violated his Fourth Amendment rights. Accordingly, we reverse the trial court's judgment and remand to the trial court for a new trial consistent with our original opinion. *See Leal*, 452 S.W.3d at 32.


/s/     Marc W. Brown
        Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown. (Frost, C.J., concurring)

Publish — TEX. R. APP. P. 47.2(b).

5