PD-0731-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/7/2015 9:07:44 AM
Accepted 7/7/2015 4:44:29 PM
ABEL ACOSTA
CLERK

No. PD 0731-15

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS
AT AUSTIN, TEXAS

HENRY WILSON RICHARDS,
Appellant

vs.

THE STATE OF TEXAS,
Appellee

*Appellee is seeking discretionary review of an opinion from the Fifth District Court of Appeals at Dallas County in Cause No. 05-14-00075-CR, reversing the judgment of the 282nd Judicial District Court of Dallas County in Cause No. F12-63948*

STATE'S PETITION FOR DISCRETIONARY REVIEW

*Counsel of Record:*

SUSAN HAWK
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

July 7, 2015

ABEL ACOSTA, CLERK

PATRICIA POPPOFF NOBLE
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 15051250
FRANK CROWLEY COURTS BLDG
133 N. RIVERFRONT BLVD,LB-19
DALLAS, TEXAS 75207-4399
(214) 653-3634
pnoble@dallascounty.org

*Attorneys for the State of Texas*

## IDENTITY OF JUDGE, PARTIES, and COUNSEL

*Trial Court Judge*:

The Honorable Andy Chatham, Judge Presiding

282nd Judicial District Court of Dallas County, Texas


*Parties to the Judgment:*

Henry Wilson Richards, Appellant/Respondent

The State of Texas , Appellee/Petitioner through Dallas County Criminal District Attorneys, Craig Watkins, Dallas County Criminal District Attorney (at time of trial), and Susan Hawk, Dallas County Criminal District Attorney (at time of appeal), 133 N. Riverfront Blvd., LB 19, Dallas, Texas  75207-4399, phone#214-653-3600.


*Trial and Appellate Counsel:*

Michael Mowla, Attorney for Appellant/Respondent on appeal, 445 E. FM 1382 #3-718, Cedar Hill, Texas  75104, phone#972-795-2401, email: Michael@mowlalaw.com.


Stanley Mays, Attorney for Defendant at trial, 2516 MLK Blvd., Dallas, Texas  75215, phone#214-421-9000.


Joe Flores, Dallas County Assistant District Attorney representing the State of Texas at trial, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone#214-653-3600.


Patricia Poppoff Noble, Dallas County Assistant District Attorney representing the State of Texas on appeal, 133 N. Riverfront Blvd., LB 19, Dallas, Texas  75207-4399, phone#214-653-3600.

# _AMENDED_ TABLE OF CONTENTS

INDEX OF AUTHORITIES……………………………………………………………iii

STATEMENT REGARDING ORAL ARGUMENT………………………………1

STATEMENT OF THE CASE………………………………………………………1

STATEMENT OF PROCEDURAL HISTORY…………………………………1

QUESTIONS PRESENTED FOR REVIEW……………………………………2

> 1. _Does an argument in the trial court that the United States Supreme Court has found the Texas statute authorizing a warrantless nonconsensual blood draw is unconstitutional preserve for review an argument that the search in this case was unreasonable under the Fourth Amendment?_

> 2. _Did the court of appeals err when it reversed a conviction without addressing the State's preservation argument?_

> 3. _Did the court of appeals err by relying on a nonfinal opinion from this Court which is not a part of the jurisprudence of this State to reverse the conviction?_

ARGUMENT……………………………………………………………………………3

PRAYER……………………………………………………………………………16

CERTIFICATE OF SERVICE AND WORD COUNT ………………………17

# INDEX OF AUTHORITIES

**Cases**

*Brown v. State,*
807 S.W.2d 615 (Tex. App. – Houston [14th Dist.] 1991, no pet.) ........... 13

*Cook v. State,*
832 S.W.2d 62 (Tex. App. – Dallas 1992, no pet.) ..................................... 14

*Garcia v. State,*
833 S.W.2d 564 (Tex. App. – Dallas 1992), *aff'd,* 868 S.W.2d 337 (Tex. Crim. App. 1993) ............................................................................................ 14

*Gipson v. State,*
383 S.W.3d 152 (Tex. Crim. App. 2014) ...................................................... 10, 11

*Henderson v. State,*
822 S.W.2d 171 (Tex. App. – Houston [1st Dist.] 1991, no pet.) .............. 13

*Leal v. State,*
456 S.W.3d 567 (Tex. Crim. App. 2015) ........................................................ 8

*Leal v. State,*
No. 14-13-00208-CR, 2015 Tex. App. LEXIS 6460 (Tex. App. – Houston [14th Dist.] June 25, 2015) (op. on remand) (not yet reported) .................. 9

*Lloyd v. State,*
453 S.W.3d 544 (Tex. App. – Dallas 2014, pet. ref'd) ...................... 12, 15, 16

*Lyssy v. State,*
429 S.W.3d 37 (Tex. App. – Houston [1st Dist.] 2014, no pet.) ................. 7

*Mayo v. State,*
17 S.W.3d 291 (Tex. App. – Fort Worth 2000, pet. ref'd) ......................... 14

*Meadoux v. State,*
325 S.W.3d 189 (Tex. Crim. App. 2010) ...................................................... 11

*Missouri v. McNeely,*
__U.S.__, 133 S.Ct. 1552 (2013) ........................................................ 4, 12, 15

*Perez v. State,*
  No. 01-12-01001-CR, __ S.W.3d __, 2015 Tex. App. LEXIS 2492 (Tex. App. – Houston [1st Dist.] Mar. 17, 2015,no pet. h.) (op. on reh'g) ........... 7

*Richards v. State,*
  No. 05-14-00075-CR, 2015 Tex. App. LEXIS 5129 (Tex. App. – Dallas May 20, 2015, pet. filed) (mem. op., not designated for publication) . 2, 4, 6

*State v. Villarreal,*
  No. PD-0306-14, _ S.W.3d _ 2014 WL 6734178 (Tex. Crim. App.  Nov. 26, 2014) .................................................................................. 12, 13, 14, 15

*Vasquez v. State,*
  814 S.W.2d 773 (Tex. App. – Houston [14th Dist.] 1991, pet. ref'd) ...... 13

*Yeager v. State,*
  727 S.W.2d 280 (Tex. Crim. App. 1987) ........................................................ 13

**Statutes**

Tex. Transp. Code Ann. §724.012 (West 2011) ........................................ 4, 7, 12

**Rules**

Rule 66.3 (f) ......................................................................................................... 11

Tex. R. App. P. 47.1 ............................................................................................ 10

Tex. R. App. P. 66.3 (a) ...................................................................................... 11

Tex. R. App. P. 66.3 (b) ...................................................................................... 16

TEX. R. APP. P. 68 ................................................................................................. 1

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

The State of Texas submits this petition for discretionary review pursuant to TEX. R. APP. P. 68, and would show the following:

## STATEMENT REGARDING ORAL ARGUMENT

If discretionary review is granted, the State will waive oral argument, unless this Honorable Court desires to have the parties deliver oral argument.

## STATEMENT OF THE CASE

Henry Wilson Richards (hereinafter, "Appellant") was convicted of driving and operating a motor vehicle in a public place while intoxicated and having been twice before convicted of driving a motor vehicle while intoxicated. (CR: 35).

## STATEMENT REGARDING PROCEDURAL HISTORY

After the trial court overruled his motion to suppress evidence, on January 17, 2014, appellant pleaded guilty to driving while intoxicated (DWI), and the trial court sentenced him to ten years' confinement, probated for five years, and a $2000 fine. (CR: 35, 44). Appellant appealed his conviction by raising a single issue challenging the denial of the motion to suppress alleging the

1

warrantless nonconsensual blood draw constituted an unconstitutional search and seizure. On May 20, 2015, the Court of Appeals for the Fifth District of Texas at Dallas delivered an unpublished opinion reversing the judgment and remanding the cause for further proceedings consistent with its opinion finding the trial court erred in its denial of the motion to suppress. *Richards v. State,* No. 05-14-00075-CR, 2015 Tex. App. LEXIS 5129 (Tex. App. – Dallas May 20, 2015, pet. filed) (mem. op., not designated for publication) (see APPENDIX). The State did not file a motion for rehearing in the court of appeals. The State's petition for discretionary review was originally due to be filed on or before June 19, 2015. By order of this Court, the petition is now due to be filed on or before July 20, 2015.

## QUESTIONS PRESENTED FOR REVIEW

1. *Does an argument in the trial court that the United States Supreme Court has found the Texas statute authorizing a warrantless nonconsensual blood draw is unconstitutional preserve for review an argument that the search in this case was unreasonable under the Fourth Amendment?*

*2. Did the court of appeals err when it reversed a conviction without addressing the State's preservation argument?*

*3. Did the court of appeals err by relying on a nonfinal opinion from this Court which is not a part of the jurisprudence of this State to reverse the conviction?*

## **ARGUMENT**

Appellant appealed his DWI conviction. After the trial court overruled his motion to suppress evidence, Appellant pleaded guilty and he was convicted of felony DWI based on his having been twice before convicted of DWI. In a single issue on appeal, Appellant argued the trial court erred by denying his motion to suppress blood test evidence because the warrantless, nonconsensual blood draw constituted an unconstitutional search and seizure that violated his Fourth Amendment rights. The court of appeals agreed and overturned the judgment. This was error.

*I.*
*Alleged error was not preserved for review.*

In its opinion, after reviewing the facts of the case, the court of appeals began its analysis by stating: "Before trial, appellant filed a

3

motion to suppress, alleging the warrantless, nonconsensual blood draw was a violation of his Fourth Amendment rights." *Richards,* 2015 Tex. App. LEXIS 5129, at \*2. This is not an accurate characterization of the complaint presented in the motion.

The motion to suppress argued that the United States Supreme Court had found the Texas mandatory blood draw statute unconstitutional. The motion to suppress stated that Appellant's blood alcohol results were "illegally obtained" by a mandatory blood draw "completed pursuant to Texas Transportation Code §724.012." (CR: 27). The motion cited *Missouri v. McNeely,* __U.S.__, 133 S.Ct. 1552 (2013) and argued only that the blood evidence must be suppressed because: "The United States Supreme Court, in its decision in *McNeely*, has in essence ruled that §724.012 of the Texas Transportation Code is unconstitutional based on the Fourth Amendment of the U.S. Constitution." (CR: 28). As written, the motion to suppress presented only a facial challenge to the validity of the Texas statute.

During the hearing on the motion, after the arresting officer testified, Appellant maintained his focus on arguing the Texas statute is unconstitutional in light of *McNeely*:

4

MR. MAYS:        . . . I think Judge Sotomayor, when she wrote this opinion [referring to *McNeely*], she made it clear absent exigent circumstances when you're going to physically intrude the body, you must have a warrant absent exigent circumstances.  So I think that would put this – I think that would put this [referring to §724.012, the statute under which Appellant's blood sample was taken] in doubt.

THE COURT:       Right.  You are – you are officially making now the claim that the –

MR. MAYS:        The statute's un – unconstitutional.

THE COURT:       Okay.  I just – we need to make that clear for the record.

MR. MAYS:        Right.  Right.

THE COURT:       So you are telling me that Section 724.012 is unconstitutional under the Texas Constitution and under the United States Constitution?

MR. MAYS:        That's correct.

THE COURT:       Okay.  Because I need to make that clear for the record –

MR. MAYS:        Right.

THE COURT:       - because there's – there's – there's other cases – and you'll agree with me, I think – other cases that – that say that 724.012 is constitutional.  And that comes from the Court of Criminal Appeals that said that in the past not in relation to *McNealy* [sic] though.

MR. MAYS:        Right.

5

THE COURT: So I'm going to – I'm going to deny your motion to suppress because I've got to go with what the Texas Court of Criminal Appeals says today. . . I can't overrule the Texas Court of Criminal Appeals.

(RR2: 14-16).

Appellant raised one point on appeal which the court of appeals understood to be related to the search, not the statute. The opinion states:

> "In a single issue, appellant argues the trial court erred by denying his motion to suppress. Appellant claims that, because he did not consent to the blood draw and the State did not have a warrant to draw his blood, the search was reasonable only if the State could show exigent circumstances. Because the State did not do so, appellant claims the search violated his Fourth Amendment rights, the motion should have been granted, and the blood alcohol concentration evidence should have been suppressed.

*Richards,* 2015 Tex. App. LEXIS 5129, at *2-3.

The State had argued to the court of appeals that this point was not preserved. However, the State's preservation argument goes unnoticed in the court's opinion. The record shows that the pretrial complaint differs from the appellate argument. Neither one can preserve the other for review. Another court of appeals has found that appellants cannot overcome the preservation hurdle by

presenting the same type of nonconforming arguments at trial and on appeal.  *See Perez v. State,* No. 01-12-01001-CR, __ S.W.3d __, 2015 Tex. App. LEXIS 2492, at *18, (Tex. App. – Houston [1st Dist.] Mar. 17, 2015,no pet. h.) (op. on reh'g) (finding a motion arguing that the acquisition of the State's evidence was not pursuant to a search warrant, was absent exigent circumstances, and made without probable cause to believe the defendant engaged in criminal activity or that such evidence, if any, was in danger of being destroyed does not preserve for review an argument that the mandatory blood draw statute itself is unconstitutional); *Lyssy v. State,* 429 S.W.3d 37, 41 (Tex. App. – Houston [1st Dist.] 2014, no pet.) (holding a DWI arrestee failed to preserve for review his contention that Tex. Transp. Code Ann. §724.012 (West 2011) is unconstitutional given the *McNeely* decision, because the arguments and evidence at the hearing were narrowly focused on whether there was a failure to observe the statute's terms; although he did complain that the search was warrantless and conducted in the absence of exigent circumstances, he did so in a general form).

Preservation is a critical step in the appellate process which the appellate court cannot overlook.  This was demonstrated

recently in *Leal v. State,* 456 S.W.3d 567, 568 (Tex. Crim. App. 2015), where this Court remanded the case to the 14th District Court of Appeals. This Court called upon the intermediate appellate court to address whether Leal preserved his claim that the warrantless blood draw violated his Fourth Amendment rights by filing a motion to suppress challenging the legality of his DWI stop. Leal also filed an amended motion to suppress challenging the warrantless blood draw on Fourth Amendment grounds, but this Court did not find that the Fourth Amendment argument was addressed in the suppression hearing. On remand, the court of appeals explicitly held what it had held only implicitly in its original opinion: Leal preserved his claim. The opinion on remand explains that: Leal's additional argument presented by his amended motion had been brought to the trial court's attention; it did not need to be discussed at the suppression hearing to prevent waiver; and it was implicitly overruled. The court explicitly held that Leal had done all that was required to preserve his Fourth Amendment argument: raise his initial and subsequent objections by motion and amended motion, and obtain an adverse ruling. *Leal v. State,* No. 14-13-

8

00208-CR, 2015 Tex. App. LEXIS 6460 (Tex. App. – Houston [14th Dist.] June 25, 2015) (op. on remand) (not yet reported).

Appellant should not receive the same benefit of the doubt which was given to Leal. In Appellant's case, the court asked Appellant to state his complaint clearly for the record. He had only one: he wanted the evidence suppressed because the Texas statute is facially unconstitutional. There was simply no other argument. The trial court could not possibly have made an implicit ruling that would preserve the ground for reversal presented to the court of appeals.

A complaint that a nonconsensual search and seizure violated the Fourth Amendment cannot be preserved by arguing to the court that the Supreme Court has decided that the Texas mandatory blood draw statute itself is unconstitutional. The State asked the court of appeals to determine whether Appellant adequately preserved for review his Fourth Amendment complaint, stating, "The issue preserved for appeal is a very narrow one: Has the United States Supreme Court in *McNeely* ruled that Texas Transportation Code §724.012 is unconstitutional?" In addition, the State argued,

9

Issue One presents a challenge to the statute as applied to Appellant's case. But he never argued to the trial court that the statute was unconstitutional as applied to him, only that the Supreme Court had found it facially invalid. Without proper preservation, even constitutional error may be waived. *See Wright v. State,* 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). To preserve for appellate review an attack on the constitutionality of a statute *as applied* to his case, an appellant must have first raised the issue in the trial court. TEX. R. APP. 33.1 (A)(1); *Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (holding that the constitutionality of a statute as applied to the defendant must be raised in trial court to preserve error); *see also Lacy v. State,* Nos. 07-10-00408-CR, 07-10-00409-CR, 07-10-00410-CR, 2011 Tex. App. LEXIS 5942, at *1 (Tex. App. – Amarillo July 29, 2011, pet. ref'd) (mem. op., not designated for publication) (holding due process challenge to punishment enhancement was not preserved for appellate review because defendant lodged no objections during sentencing).

State's brief at 13-14.

The court of appeals did not address or acknowledge the preservation issue. This is error.

A court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. Issues of procedural default are systemic and must be reviewed by the courts of appeals, even when the issue is not raised by the parties. *Gipson v. State,* 383 S.W.3d 152, 159 (Tex. Crim. App. 2014). "An appellate court 'may not *reverse* a judgment of conviction without first addressing any issue

10

of error preservation.'" *Id.* (emphasis in original) (quoting *Meadoux v. State,* 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010)).

Therefore, discretionary review is appropriate in this case under Tex. R. App. P. 66.3 (a) because the Dallas court of appeals' decision to address an argument on appeal which does not conform to the argument presented at the suppression hearing conflicts with other decisions of another court of appeals on the same issue. Review is also appropriate under Rule 66.3 (f) because in failing to address the preservation issue shown by this record, the court of appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision. For these reasons, the States prays that this Court will grant review of the decision of the court of appeals, vacate the judgment of the court of appeals, and remand this case to that court to address whether Appellant preserved his claim that the warrantless blood draw violated his Fourth Amendment rights.

## II.

*The court of appeals should not have followed the majority opinion in Villarreal, when this Court has granted rehearing but has not withdrawn or changed its original opinion or issued a new opinion or judgment.*

In addressing the involuntary blood draw taken under the authority of the Texas Transportation Code, the court of appeals reversed the present case under *State v. Villarreal,* No. PD-0306-14, _ S.W.3d _ 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014) and *Lloyd v. State,* 453 S.W.3d 544 (Tex. App. – Dallas 2014, pet. ref'd), in light of the holding in *McNeely* (which held that dissipation of blood alcohol evidence does not alone present a per se exigent circumstance sufficient to amount to an exception to the warrant requirement, an argument not made by the State in the present case). Relying on these authorities, the court of appeals concluded that Appellant did not impliedly consent, for Fourth Amendment purposes, to the blood draw under Texas Transportation Code §724.012 and that the warrantless blood draw violated Appellant's Fourth Amendment rights.

There are two problems with the court's analysis. First, the court cited and relied on *Villarreal* without any additional notation

12

indicating the court's awareness that *Villarreal* has been pending on rehearing since February of 2015, at least three months prior to the court's decision in the present case. As of this date, *Villarreal* remains pending on rehearing in this Court. *Villarreal* is therefore not final and not part of the jurisprudence of this State. *See Yeager v. State,* 727 S.W.2d 280, 281 n.1 (Tex. Crim. App. 1987)(stating that parties appearing before the Court of Criminal Appeals and the courts of appeals "should proceed with caution" when relying on nonfinal opinions, and that a case that pending before the Court of Criminal Appeals on rehearing is not final and is not "part of the jurisprudence of this State."); *Henderson v. State,* 822 S.W.2d 171, 173 (Tex. App. – Houston [1st Dist.] 1991, no pet.) (finding that a decision which is pending on motion for rehearing is "not final" and "is not part of the jurisprudence of this State"); *Vasquez v. State,* 814 S.W.2d 773, 776 n.1 (Tex. App. – Houston [14th Dist.] 1991, pet. ref'd)(finding an opinion pending rehearing in the Court of Criminal Appeals is "not final" or "part of the jurisprudence of this State", and the court of appeals is "not constrained" to follow it); *Brown v. State,* 807 S.W.2d 615, 616 (Tex. App. – Houston [14th Dist.] 1991, no pet.) (finding that the court of appeals is not

13

constrained to follow an opinion of the Court of Appeals which is pending on rehearing because it is "not final" and "not part of the jurisprudence of this State"); *Mayo v. State,* 17 S.W.3d 291, 297 n.2 (Tex. App. – Fort Worth 2000, pet. ref'd) (finding a case on rehearing in the Court of Criminal Appeals is "not yet final," and it is "not part of the jurisprudence of this State.");*Garcia v. State,* 833 S.W.2d 564, 569 n.4 (Tex. App. – Dallas 1992)*, aff'd,* 868 S.W.2d 337 (Tex. Crim. App. 1993) (finding an opinion pending on rehearing in the Court of Criminal Appeals for 10 months is "not final" or "part of the jurisprudence of this State," and therefore, deciding not to follow it); *Cook v. State,* 832 S.W.2d 62, 67 n.2 (Tex. App. – Dallas 1992, no pet.) (recognizing that because the Court of Criminal Appeals had granted rehearing in a case, it is not "final" authority on the issue before the court and "not part of the jurisprudence of this State").

In *Villarreal,* this Court set precedent by holding that the implied consent statute and mandatory blood draw provisions are not a constitutionally valid alternative to the Fourth Amendment's warrant requirement. *Villarreal,* 2014 Tex. Crim. App. LEXIS 1898. at *19. Since then, this Court has granted the State's motion for

rehearing in *Villarreal,* and ordered the case resubmitted so that this Court could consider the arguments presented by the State in its rehearing motion. To date, this Court has not withdrawn or changed its opinion or judgment in *Villarreal,* nor has the Court issued a new opinion or judgment. *Villarreal* is not binding authority. The State's arguments should not have been rejected based on *Villarreal* before this Court makes a final ruling in that case.

Second, the court's reliance on *Lloyd* presents a problem. In *Lloyd,* the State argued appellant gave "implied consent" which was irrevocable "as a person twice previously convicted of driving while intoxicated" and sufficient aggravating factors were present to satisfy the exigent circumstances requirement. The State also argued "sufficient aggravating factors," specifically appellant's two prior convictions, his refusal to engage in sobriety tests, and his refusal to consent to a voluntary blood draw, satisfied the exigent circumstances requirement. In *Lloyd,* the court's rejection of the State's arguments rests on one primary authority: the original opinion in *Villarreal.*

In the present case, the State made arguments to the court of appeals which have not been addressed by *McNeely,* and cannot be said to have been finally decided by this Court in *Villarreal.* Perhaps the court of appeals intended to avoid the problem of relying on a nonfinal decision in *Villarreal.* While adding *Lloyd* as secondary authority might solve that problem, it created another. *Lloyd* relies on the same nonfinal decision in *Villarreal.* Moreover, arguments were presented by the State in the present case which are not addressed in *Lloyd.* The State's arguments in the present case which fall outside the scope of *Lloyd* have not been, but should be, fairly determined.

Therefore, discretionary review is appropriate in this case under Tex. R. App. P. 66.3 (b) because the court of appeals has decided an important question of state law that has not been, but should be, finally decided and settled by this Court.

## **PRAYER**

The State prays that this Honorable Court will grant discretionary review of the opinion of the Dallas court of appeals in the instant case.

16

Respectfully submitted,

/s/Patricia Poppoff Noble

SUSAN HAWK
District Attorney
Dallas County, Texas

PATRICIA POPPOFF NOBLE
Assistant District Attorney
State Bar No. 15051250
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3634
pnoble@dallascounty.org

## CERTIFICATE OF SERVICE AND WORD COUNT

I hereby certify that a true copy of the foregoing brief was served on, Michael Mowla, attorney for Appellant, and on Ms. Lisa McMinn, State's Prosecuting Attorney by efiletexas.gov and by United States mail, on July 2, 2015.

I hereby further certify that the length of this brief is 3,709 words using Microsoft Word 2010.

/s/Patricia Poppoff Noble
PATRICIA POPPOFF NOBLE

APPENDIX



HENRY WILSON RICHARDS, JR., Appellant v. THE STATE OF TEXAS, Appellee

No. 05-14-00075-CR

COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS

*2015 Tex. App. LEXIS 5129*

May 20, 2015, Opinion Filed

**NOTICE:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** **[*1]** On Appeal from the 282nd Judicial District Court, Dallas County, Texas. Trial Court Cause No. F-1263948-S.

**CASE SUMMARY:**

**OVERVIEW:** HOLDINGS: [1]-Blood test evidence should have been suppressed in a DWI trial because the warrantless, nonconsensual blood draw violated the Fourth Amendment; the implied-consent statute did not justify the warrantless blood draw, and the factors of the mandatory blood draw statute were not exigent circumstances.

**OUTCOME:** Reversed and remanded.

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > Motions to Suppress*
*Criminal Law & Procedure > Pretrial Motions & Procedures > Suppression of Evidence*

*Criminal Law & Procedure > Appeals > Standards of Review > Deferential Review > Credibility & Demeanor Determinations*
[HN1] The court reviews a trial court's ruling on a motion to suppress evidence under a bifurcated standard. The court grants almost total deference to the trial court's determinations of historical facts and mixed questions of law and fact that rely on credibility when supported by the record. But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, the court reviews the trial court's ruling de novo.

*Criminal Law & Procedure > Criminal Offenses > Vehicular Crimes > Driving Under the Influence > Blood Alcohol & Field Sobriety > Implied Consent > Refusals to Submit*
*Criminal Law & Procedure > Search & Seizure > Warrantless Searches > Consent to Search > Sufficiency & Voluntariness*
*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Scope of Protection*
[HN2] To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the

circumstances, and must not have been revoked or withdrawn at the time of the search.

*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Exigent Circumstances*
*Criminal Law & Procedure > Criminal Offenses > Vehicular Crimes > Driving Under the Influence > Blood Alcohol & Field Sobriety > Admissibility*

[HN3] The factors of the mandatory blood draw statute are not exigent circumstances that provide an exception to the warrant requirement; exigent circumstances are those exigencies of the situation that make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment. These include, for example, the threat of imminent removal or destruction of evidence, threat to human life, rendering emergency assistance to injured occupants, or hot pursuit of a fleeing suspect. However, as a general rule, the context of blood testing is different in critical respects from other destruction-of-evidence cases in which police are truly confronted with a now or never situation. Such cases should be considered on a case-by-case assessment of exigency, not a categorical rule. In fact, in those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so.

**COUNSEL:** For Appellants: Michael Mowla, Cedar Hill, TX.

For Appellees: Patricia Poppoff Noble, Dallas, TX.

**JUDGES:** Before Justices Bridges, Fillmore, and Brown. Opinion by Justice Bridges.

**OPINION BY:** DAVID L. BRIDGES

**OPINION**

**MEMORANDUM OPINION**

Opinion by Justice Bridges

Henry Wilson Richards appeals his driving while intoxicated (DWI) conviction. After the trial court overruled his motion to suppress evidence, appellant pleaded guilty to DWI, and the trial court sentenced him

to ten years' confinement, probated for five years, and $2000 fine. In a single issue, appellant argues the trial court erred in denying his motion to suppress blood test evidence because the warrantless, nonconsensual blood draw constituted an unconstitutional search and seizure and violated his *Fourth Amendment* rights. We agree with appellant. We reverse the trial court's judgment and remand this case for further proceedings.

On December 30, 2012, Officer Shannon Smith observed appellant driving faster than the speed limit and almost colliding with another vehicle. Smith stopped appellant, who "opened up his door immediately." Smith observed appellants' eyes were red and his breath smelled of alcohol. After performing field sobriety tests, Smith arrested appellant **[*2]** for DWI. Appellant refused to give a blood sample. Smith took appellant to the Lew Sterrett Justice Center where Smith discovered records indicating appellant had been convicted of DWI twice before. Although Smith could have "easily" obtained a warrant, she did not do so. After approximately two hours, blood was drawn from appellant without his consent pursuant to *section 724.012 of the Texas Transportation Code*.

Before trial, appellant filed a motion to suppress, alleging the warrantless, nonconsensual blood draw was a violation of his *Fourth Amendment* rights. Following a hearing, the trial court denied appellant's motion. The trial court entered findings of fact that, among other things, appellant refused to give a blood sample, blood evidence was nevertheless seized without a warrant, and the blood evidence was seized under *Texas Transportation Code section 724.012*. While this appeal was pending, the Court of Criminal Appeals, relying on *Missouri v. McNeely, U.S. , 133 S.Ct. 1552, 185 L. Ed. 2d 696 (2013)*, issued its opinion in *State v. Villarreal, No. PD-0306-14, S.W.3d , 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014)*, addressing involuntary blood draws taken under the authority of the Texas Transportation Code.

In a single issue, appellant argues the trial court erred by denying his motion to suppress. Appellant claims that, because he did not consent to the blood draw and the State did not have a warrant **[*3]** to draw his blood, the search was reasonable only if the State could show exigent circumstances. Because the State did not do so, appellant claims the search violated his *Fourth*

*Amendment* rights, the motion should have been granted, and the blood alcohol concentration evidence should have been suppressed.

[HN1] We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *State v. Kerwick, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).* We grant almost total deference to the trial court's determinations of historical facts and mixed questions of law and fact that rely on credibility when supported by the record. *Id.* But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial court's ruling de novo. *Id.*

The State argues that, by accepting the privilege to drive, a person accepts the responsibility to be subject to the reasonable regulations the State will use to protect the welfare and safety of the general public, including those of the implied-consent statute, *section 724.012*, and Administrative License Revocation program. The State argues the implied-consent statute is "a codification of exigent circumstances that gives helpful guidance to law enforcement officials" and these exigent circumstances **[*4]** made a warrant unnecessary in this case.

To the extent the State relies on the implied-consent statute to justify the warrantless blood draw in this case, such reliance is misplaced. The court of criminal appeals, in *Villarreal*, held as follows:

> [HN2] To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for *Fourth Amendment* purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search.

*Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178 at *11*; *see Lloyd v. State, 453 S.W.3d 544, 547-48 (Tex. App.--Dallas 2014, pet. ref'd).*

As to the presence of exigent circumstances in this case, the State essentially relies on the same factors that invoke the mandatory blood draw statute. *See Tex. Transp. Code Ann. § 724.012*; *Lloyd, 453 S.W.3d at 548.* [HN3] These factors are not exigent circumstances that provide an exception to the warrant requirement; exigent circumstances are those "exigencies of the situation" that "make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the *Fourth Amendment.*" *Mincey v. Arizona, 437 U.S. 385, 394, 98 S. Ct. 2408, 57 L. Ed. 2d 290 (1978).* These **[*5]** include, for example, the threat of imminent removal or destruction of evidence, threat to human life, rendering emergency assistance to injured occupants, or hot pursuit of a fleeing suspect. *See Kentucky v. King, U.S. , 131 S.Ct. 1849, 1856, 179 L. Ed. 2d 865 (1978).* However, as a general rule, the "context of blood testing is different in critical respects from other destruction-of-evidence cases in which police are truly confronted with a 'now or never' situation." *McNeely, 133 S.Ct. at 1561.* Such cases should be considered on a case-by-case assessment of exigency, not a categorical rule. *Id.* In fact, in "those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the *Fourth Amendment* mandates that they do so." *Id.* Here, no exigent circumstances existed which would justify a warrantless search.

Appellant did not consent to the draw, and the taking of his blood did not fall under another recognized exception to the warrant requirement. We therefore conclude the warrantless, nonconsensual blood draw violated appellant's *Fourth Amendment* rights. *See McNeely, 133 S.Ct. at 1561-63*; *Villarreal, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178 at *20*; *Lloyd, 453 S.W.3d at 548.* The trial court therefore abused its discretion in denying appellant's motion to suppress. We sustain appellant's sole issue.

We reverse **[*6]** the trial court's judgment and remand for further proceedings consistent with this opinion.

Do Not Publish
*Tex. R. App. P. 47.2(b)*

/David L. Bridges/

DAVID L. BRIDGES

JUSTICE

**JUDGMENT**

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered May 20, 2015.