

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00328-CR

VALOREE DAWN FUENTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 68,220-E, Honorable Douglas R. Woodburn, Presiding

March 19, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Valoree Dawn Fuentes, appeals from a final judgment manifesting the revocation of her community supervision and imposition of a three-year prison term. Through one issue, she contends that the trial court erred in revoking her supervision. It purportedly erred because the State amended its motion to revoke such supervision after the original term of community supervision lapsed, and the amended motion lacked accusations about her violating any conditions of probation. We affirm.

According to the record, appellant was convicted of hindering the apprehension or prosecution of a felon. The trial court sentenced her to five years' imprisonment, suspended the sentence, and placed her on community supervision for five years. The State subsequently filed its "Motion to Proceed with Adjudication of Guilt on Original Charge" about a month before appellant's term of community supervision was to expire, which term ended in February of 2019. Capias was also issued prior to the expiration of the term.

The motion came for hearing on September 10, 2019. About a month earlier, though, the State filed its "Motion to Amend Motion to Proceed." Through it, the State sought to clarify various mischaracterizations uttered in the original motion. Those mischaracterizations were of an ilk that could lead the reader to believe appellant's guilt for the underlying offense had yet to be adjudicated. Apparently, the individual who drafted the original motion to proceed failed to realize that appellant actually had been adjudicated guilty and sentenced. So, he requested that appellant's probation be revoked and she be adjudicated guilty of the aforementioned offense. Other blunders relating to the mischaracterization were also made in the original motion, which mistakes the State also sought to correct through the "Motion to Amend Motion to Proceed."

The trial court granted the motion to amend the original motion at its September 10th hearing. So too did it revoke appellant's community supervision and sentence her to a three-year term of imprisonment. Appellant now argues that granting the motion to amend the motion to proceed effectively supplanted the original motion. And, because the resulting "amended motion" to revoke community supervision contained no

2

allegations about the terms of her community supervision purportedly violated, the trial court could not revoke it, she continued.

The controversy before us could have been avoided had care been taken in drafting the original motion to proceed. Because it was not, though, the issue lies before us. And, in resolving it, we note two rather indisputable principles. First, an amended motion generally supplants or supersedes the original motion. *Leal v. State*, 469 S.W.3d 647, 652–53 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *accord Ortega v. State*, No. 07-99-0228-CR, 2001 Tex. App. LEXIS 3962, at *7 (Tex. App.—Amarillo June 14, 2001, pet. ref'd) (not designated for publication.) (observing that the original motion is no longer in effect). The original is no longer susceptible to consideration. *Leal*, 469 S.W.3d at 653. The second principle we mention is the one telling us that the substance of a pleading or writing controls over the title or label appended to it. *See In re N.L.H.*, No. 07-07-0313-CV, 2007 Tex. App. LEXIS 9606, at *3 (Tex. App.—Amarillo Dec. 6, 2007, order). Under it, we are required to give effect to the substance of what the movant asks as opposed to what he calls it. With these in mind, we turn to the issue at hand.

In its "Motion to Amend Motion to Proceed," the State alluded to misstatements concerning the historical posture of the case, which misstatements were uttered in its original "Motion to Proceed with Adjudication of Guilt on Original Charge." It then asked to substitute accurate representations in their stead. It filed no separate amended motion to revoke appellant's community supervision.[1] Nor did it request leave to file an amended motion. Rather, it merely sought leave to amend language in the original motion and

---

[1] This circumstance distinguishes the situation at bar from that in *Crockett v. State*, 840 S.W.2d 160 (Tex. App.—Houston [1st Dist.] 1992, no pet.). There, the State actually filed an amended motion to revoke probation and added more instances of probationary terms allegedly violated by Crockett. So, appellant's reliance on *Crockett* offers her little benefit.

leave it in place. Indeed, the situation is more comparable to the State attempting to supplement its prior motion with correct information. And, as we all know, supplementation of a pending motion does not supersede it, but instead adds to it. *See Leal*, 469 S.W.3d at 653.

Words are important. Selecting which ones to use is equally important, especially in a profession dependent upon words for its existence. While the State's selection could have been better, what it did say leads us to conclude that the motion upon which the trial court acted did not fail to allege conditions of probation supposedly violated by appellant. Those allegations appeared in the original "Motion to Proceed with Adjudication of Guilt on Original Charge," which the State hoped to clarify and preserve.

We overrule appellant's sole issue and affirm the trial court's judgment revoking appellant's community supervision.


Brian Quinn
Chief Justice


Do not publish.