## EMMETT BENGE V. THE STATE.

No. 11506.        Delivered April 11, 1928.

**1.—Theft—Evidence—Secondary—Improperly Received.**

Where, on a trial for theft, the evidence disclosed that goods taken from a box car, en route from St. Louis to Taylor, Texas, it was error to permit the state to prove by a witness that some of the goods in question checked short, as shown by the waybill in witness' possession. It was nowhere shown that this witness had any personal knowledge of the goods which went into the car originally, and the effect of his testimony was to get secondary evidence of the contents of such waybills or invoices before the jury without producing the original. Nor would the originals themselves have been admissible. See Lee v. State, 274 S. W. 582.

**2.—Same—Continued.**

Even if the originals had been proven up in such way as to have rendered them admissible, it is apparent that secondary evidence of their contents could not be shown by parol testimony where the originals were shown to be in existence, and in the possession of the party testifying. See Williams v. State, 84 Tex. Crim. Rep. 524, and other cases cited.

**3.—Same—Venue of Offense—Rule Stated.**

Under Art. 197, C. C. P., it is provided that where property is stolen in one county and carried by the offender into another county, the prosecution may be in either county.

**4.—Same—Continued.**

We think the law is well settled in Texas that where property of $50.00 or over in value is stolen in one county, and the portion of such property thereafter taken into another county by the thief, was less than $50.00 in value, such party cannot be convicted in the latter county of a felony. See Roth v. State, 10 Tex. Crim. App. 27, and Ballow v. State, 42 Tex. Crim. Rep. 263.

**5.—Same — Charge of Court — Defensive Issue — Of Alibi — Improperly Refused.**

Where, on a trial for theft, the appellant showed by numerous witnesses that he was at home at the time of the original taking and transportation of the property in Cherokee County, it was error for the court to refuse to charge on appellant's defense of alibi. See Ballentine v. State, 52 Tex. Crim. Rep. 369, and Branch's P. C., Sec. 55.

Appeal from the District Court of Cherokee County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Guinn & Guinn* of Rusk, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense theft of property of the value of $50.00 or over, penalty two years in the penitentiary.

It was shown by the state that a box car containing merchandise en route from St. Louis to Taylor, Texas, was entered at Troup, Smith County, Texas, and a quantity of goods taken therefrom. The appellant and his brother, together with one William Feagin, were charged with the offense of theft of this property in Cherokee County, Texas.

To prove that goods were taken from said box car while en route between the points mentioned the state introduced the witness J. R. Wheeler, who testified over objections that some of the goods in question checked short as shown by the waybill in his possession. It was nowhere shown that this witness had any personal knowledge of the goods which went into the car originally and the effect of his testimony was to get secondary evidence of the contents of such waybills or invoices before the jury without producing the originals. Under the proof made in this case the originals themselves would not have been admissible. As said in the case of Lee v. State, 274 S. W. 582:

"Manifestly the documents could not prove themselves, and, in the absence of some witness who from his own knowledge

could verify and prove them up, the bill of exceptions presents no error."

See also Williams v. State, 84 Tex. Crim. Rep. 524; Stevens v. State, 68 Tex. Crim. Rep. 145; McConico v. State, 61 Tex. Crim. Rep. 48. Even if the originals had been proven up in such a way as to have rendered them admissible, it is apparent that secondary evidence of their contents could not be shown by oral testimony where the originals were shown to be in existence and in possession of the party testifying. Discussing the rule, it has been said:

"The meaning of the rule is, not that courts require the strongest possible assurance of the matters in question; but that no evidence shall be admitted, which, from the nature of the case, supposes still greater evidence behind in the party's possession or power; because the absence of the primary evidence raises a presumption that, if produced, it would give a complexion to the case at least unfavorable, if not directly adverse, to the interest of the party." Jones Commentaries on Evidence, Sec. 200, Vol. 2, p. 173.

Under Art. 197, C. C. P., where property is stolen in one county and carried by the offender into another county, the prosecution may be in either county. The evidence raises the issue that this property, which was over the value of $50.00, was stolen in Smith County and part of it carried subsequently into Cherokee County where the prosecution was instituted. Appellant makes the point that unless property of the value of $50.00 or more was carried by the thief into Cherokee County that no conviction could be had in said last mentioned county for a felony and submission of this issue was requested by the appellant and refused by the court. The evidence of the state's witnesses clearly raised the issue, if it did not conclusively show, that less than $50.00 worth of the property theretofore stolen was carried into Cherokee County. Appellant seems to have been connected by the evidence with carrying stolen property into Cherokee County of the value of not over $30.00 to $35.00. We think the law is well settled in Texas that where property of $50.00 or over in value is stolen in one county and the portion of such property thereafter taken into another county by the thief was less than $50.00, such party cannot be convicted in the latter county of a felony. Roth v. State, 10 Tex. Crim. App. 27. Ballow v. State, 42 Tex. Crim. Rep. 263.

Appellant showed by numerous witnesses that he was at home at the time of the original taking and transportation of the property into Cherokee County. The court refused to charge

on appellant's defense of alibi. The issue was clearly raised and the court's action was erroneous. Ballentine v. State, 52 Tex. Crim. Rep. 369; Branch's P. C., Sec. 55.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.