**Affirmed and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00341-CR

---

**JEREMY HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1389372**

---

## MEMORANDUM OPINION

Jeremy Hernandez appeals his conviction for aggravated assault. *See* Tex. Penal Code Ann. §22.02(a)(1) (Vernon 2011). He contends the trial court abused its discretion by recessing the hearing on a motion to adjudicate guilt for 90 days after Texas Rule of Evidence 614 had been invoked. According to appellant, this recess allowed witnesses to confer in violation of Rule 614. We affirm.

BACKGROUND

Testimony during the hearing described the series of events underlying this appeal. The complainant, Rosalinda Alonzo, had been dating appellant on and off for several years when they went out on the evening of June 21, 2014. Appellant was on probation at the time for threating the complainant with a knife in May 2013. One of his probation terms required appellant to avoid contact with complainant.

After drinks, the two went back to the complainant's apartment and appellant passed out on the bathroom floor. The complainant then looked through appellant's phone and saw he had communicated with her teenage niece on Facebook. She woke him up and told him to leave her apartment.

The complainant's daughter, Melissa Diaz, stayed at the complainant's apartment that evening. Diaz was asleep when the complainant and appellant arrived; she woke up to the complainant screaming and yelling. Diaz saw appellant asleep on the bathroom floor when she looked down the hallway. She heard the complainant yell at appellant because he had been communicating with the complainant's teenage niece.

Appellant got up from the bathroom floor and started arguing with the complainant; then he grabbed her hair and tried to hit her. Appellant hit Diaz twice in the face when she ran between them. Appellant said "don't call the cops" and stated he knew what was going to happen. Diaz told him, "No one is going to call the cops if you just leave right now." When appellant refused to leave, Diaz grabbed her phone and tried to go outside but appellant locked the apartment door. Appellant told Diaz and the complainant they could not leave and threatened to kill them. Diaz managed to unlock the door and flee when appellant was distracted.

The complainant also fled the apartment and called 9-1-1. Appellant followed and hit the complainant while she was on the phone. Appellant did not stop hitting the complainant until the police arrived. Appellant then went back inside the complainant's apartment.

Diaz was in the front parking lot of the apartment complex when police arrived and directed police to the complainant's apartment. The complainant was outside her apartment; she had blood on her shirt and her face, her face was red and slightly swollen, and her lip was injured. Paramedics treated her on the scene. Appellant was inside the apartment and opened the door when police knocked. Appellant appeared to be intoxicated but was not injured. Police took appellant into custody.

The State filed a motion to adjudicate appellant's guilt on June 30, 2014, and a hearing on the motion to adjudicate began on December 5, 2014. On direct examination, Diaz stated that she did not remember if she was struck with a slap or a punch.

After Diaz's direct examination concluded but before her cross-examination began, the trial court continued the hearing until December 15, 2014, so appellant's trial counsel could obtain and review a written statement Diaz made to the police. On January 9, 2015, the hearing was reset again for February 6, 2015. On January 26, 2015, the hearing was reset again for March 5, 2015.

The hearing resumed on March 4, 2015. During cross-examination at the resumed hearing, Diaz stated that she was struck with a slap rather than a punch. After hearing evidence presented at the hearing, the trial court found that appellant violated the terms of his probation; adjudicated appellant's guilt; and sentenced him to confinement for ten years. Appellant timely appealed.

ANALYSIS

Appellant contends in his sole issue that the trial court abused its discretion by recessing proceedings on the motion to adjudicate his guilt for 90 days after (1) Texas Rule of Evidence 614 had been invoked; and (2) Diaz already had testified on direct examination.

Rule 614 provides for the exclusion of witnesses from the courtroom during trial. *See* Tex. R. Evid. 614. This rule prevents the testimony of one witness from influencing the testimony of another. *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005). Once Rule 614 is invoked, witnesses are instructed by the court that they cannot converse with one another or with any other person about the case except with court permission. Tex. Code Crim. Proc. Ann. art. 36.06 (Vernon 2007); *Russell*, 155 S.W.3d at 180.

Appellant contends the trial court violated Rule 614 when it continued the hearing after Diaz completed her testimony on direct examination. According to appellant, the 90-day recess allowed Diaz to confer with the complainant in violation of Rule 614 before the hearing resumed.

We apply an abuse of discretion standard to review a trial court's action under Rule 614. *See Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996); *Martinez v. State*, 186 S.W.3d 59, 65 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd). A Rule 614 violation does not result in automatic reversal. *Webb v. State*, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989). Appellant also must show harm. *See Bell*, 938 S.W.2d at 50; *Archer v. State*, 703 S.W.2d 664, 666 (Tex. Crim. App. 1986); *Rodriguez v. State*, 772 S.W.2d 167, 168-69 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd); *Collins v. State*, No. 14-13-00449-CR, 2014 WL 1778248, at *3 (Tex. App.—Houston [14th Dist.] May 1, 2014, pet. ref'd) (mem. op., not designated for publication). Harm is established by showing that (1) the witness

actually conferred with or heard testimony of other witnesses, and (2) the witness's testimony contradicted the testimony of a witness from the opposing side or corroborated testimony of a witness she had conferred with or heard. *See Bell*, 938 S.W.2d at 50; *Archer*, 703 S.W.2d at 666; *Collins*, 2014 WL 1778248, at \*3.

Appellant argues that, "although there is no direct evidence in the record that Complainant and Diaz actually conferred with one another, it would be unreasonable to presume that the mother and daughter had not discussed the case" while the hearing was recessed. According to appellant, (1) "the trial court instructed the witnesses not to confer for a mere 10 days;" (2) the trial court "then granted continuances—none of which were requested by Appellant;" and (3) when Diaz resumed her testimony after the recess, she made an "unprompted partial recantation of the allegation that Appellant hit her with a closed fist." Appellant contends this "partial recantation" is "indicative of her testimony having been influenced during that time." The State counters that appellant waived this complaint because he did not object in the trial court.

To preserve an argument for appellate review, the record must show that appellant made a specific and timely objection in the trial court and the trial court ruled on the objection. *See* Tex. R. App. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *Leal v. State*, 469 S.W.3d 647, 649 (Tex. App.— Houston [14th Dist.] 2015, pet. ref'd). Here, appellant did not object to the 90-day recess of the hearing or to Diaz's testimony after the recess. Further, appellant never objected to any continuances in the trial court. Therefore, appellant did not preserve his argument for appellate review. *See Lovill*, 319 S.W.3d at 692; *Leal*, 469 S.W.3d at 649.

Appellant contends he did not need to object below because the trial court's error constituted a due process violation. Appellant cites *Trifovesti v. State*, 759

S.W.2d 507 (Tex. App.—Dallas 1988, pet. ref'd), to support an assertion that he can raise a due process complaint for the first time on appeal. *Trifovesti* does not support this assertion because the court held that, in order to preserve error for appeal, an appellant must have made "some type of due process objection at the time the trial court continued the hearing, at the time probation was actually revoked, or at the time sentence was imposed." *Id.* at 508. The appellant in *Trifovesti* made a timely and specific due process objection and therefore preserved error for appeal. *Id.* ("We conclude that Trifovesti's complaint, in the context that she made it, sufficiently apprised both the State and the court of her due process objection."). Appellant raised no such complaint in the trial court.

In any event, no blanket principle allows due process objections to be raised for the first time on appeal. *See Clark v State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) ("Appellant forfeited his denial-of-due-process claim by not properly preserving error at trial."); *Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. [Panel Op.] 1981) (op. on second motion for reh'g) (procedural due process complaints are subject to waiver); *Norton v. State*, 434 S.W.3d 767, 772 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding that appellant failed to preserve error because appellant did not voice her due process objection in the trial court); *Kappel v. State*, 402 S.W.3d 490, 496 (Tex. App.—Houston [14th Dist.] 2013, no. pet.) (concluding that, because appellant failed to make a due process objection in the trial court, it was not preserved for appellate review).

Even assuming for argument's sake that appellant preserved his argument for appeal, it is without merit.

The record does not support appellant's contention that "the trial court instructed the witnesses not to confer for a mere 10 days." At the December 5, 2014 hearing, the State could not produce Diaz's written statement to police for

appellant's cross-examination of Diaz.  The trial court stated that appellant was "entitled to [the statement] for cross-examination," recessed the hearing, and instructed the witnesses as follows:

> THE COURT:  We are going to continue this hearing.  At this point it looks like we will continue it on December the 15th.  Ma'am, you are ordered to return on December 15th to continue your testimony.
>
> *           *           *
>
> THE COURT:  Okay, folks, you-all have been sworn in as witnesses.  To address other legal matters, we are going to continue the hearing in about a week and a half.
>
> You are still under the Rule, as I explained before.  What that means is that you are not allowed to discuss the subject matter of this hearing with anybody except the attorneys in the case.  It means not discuss it amongst yourselves, with other people outside these proceedings, with the defendant, with anybody, all right? -- nobody, except the lawyers in the case.  Does everybody understand that instruction?

The witnesses responded, "Yes."  This instruction does not support appellant's contention that the trial court placed a 10-day limit on its instruction telling the witnesses not to confer among themselves.

The record also does not support appellant's speculation that Diaz and her mother conferred during the recess.  During the December 5, 2014 hearing, the State asked Diaz during direct examination: "Do you know if it was a slap or a punch?"  Diaz answered that she did not remember whether she was struck with a slap or punch.  When the hearing resumed on March 4, 2015, Diaz stated on cross-examination as follows: "Well, I said closed.  I was mistaken.  It had to have been an open because there really wasn't that damage like my mother."  This testimony does not amount to a "partial recantation."  Nothing in the record indicates that the complainant and Diaz conferred during the recess.  Diaz testified at the March 4, 2015 hearing that she had not talked to her mother about what happened.

7

Based on the record before us, there is no evidence that the complainant and Diaz conferred.  Therefore, appellant cannot show harm.  *See Bell*, 938 S.W.2d at 50; *Archer*, 703 S.W.2d at 666.

We overrule appellant's sole issue.

### CONCLUSION

We affirm the judgment of the trial court.


/s/      William J. Boyce
         Justice


Panel consists of Justices Boyce, Christopher and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).